RAFAEL RODRÍGUEZ PACHECO, Plaintiff and Appellant, v. MANUEL MIGUEL MUDAFOR, Defendant and Appellee.

No. 7272. Argued January 22, 1937.—Decided January 27, 1937.

*Monserrat & Monserrat* and *J. M. Calderón* for appellant. *V. Géigel Polanco* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The plaintiff brought suit in the District Court of San Juan for an injunction, which was denied, with costs to the defendant. The memorandum of costs presented by the defendant contained two items, one of $7 for the clerk's fees and another of $250 for attorney's fees. The first item has been accepted. The second was attacked by the plaintiff on two grounds: (1) because the attorney for the defendant was an employee or officer of the Government of Puerto Rico, in the Department of Labor, on the date on which he rendered his services and (2) because the amount fixed as a fee is excessive. The lower court entered an order approving the memorandum submitted but reducing the item of the fees to $125. Feeling aggrieved the plaintiff appealed.

The case is not important as far as the amount involved is concerned. Nevertheless, the moral principle involved is, in our opinion, sufficiently important and far-reaching to merit our careful consideration.

Section 4 of the Appropriation Act, No. 32, approved on July 20, 1935, (Laws, vol. 2, p. 418) provides:

"Section 4.—No employee or officer of the Government of Puerto Rico shall engage in any private activity or in the private practice of his profession or trade during such daily hours as he must serve the Insular Government."

Both parties admit that the attorney who represented the defendant in the injunction proceeding was, during the pendency of the suit, an employee or officer of the Government, attached to the Department of Labor at a salary and bound to render his services to the Government during the hours fixed for official service.

The moral purpose of the statute is to prevent public officers or employees, who have accepted office or employment with knowledge of the statutory prohibition and with the obligation to devote office hours to the service of the Government which pays their salaries, from devoting these same office hours to other private or professional activities,

for the purpose of obtaining payment or remuneration for time which no longer belongs to them as they have assigned it to the Government. If this could be done the statute which we are discussing would be dead letter, and the public treasury would suffer an unjustified detriment in paying for the hours of service which the employee might use for purposes of personal profit.

■ The appellee alleges that the provisions of Section 4, *supra,* are of an administrative character, of an internal character in the mechanism of the Government of Puerto Rico, and that therefore it is not incumbent on the plaintiff-appellant, but on the immediate superior of the public officer who practices his profession to demand that the latter fulfill the duties of his office. We cannot accept, either as sound governmental doctrine, or as a good rule of civic culture, the proposition that watchfulness over the observance and fulfillment on the law on the part of public employees is exclusively incumbent on their superiors. Every citizen has the right, and indeed the duty, to demand that the law be respected by other citizens, especially by public officers who have sworn to respect it and comply with it and who have accepted the offices which they hold with full knowledge of the prohibitions and limitations attendant thereon. And the citizen is not bound to cross his arms and calmly contemplate the violation of the law on the part of public servants because their superiors adopt a passive or indifferent attitude in the face of such violations.

■ It is true that the statute does not provide the sanction to be applied to the public officer or employee who violates its provisions. We agree with the appellee that the offense can and should be corrected administratively. But the courts of justice cannot and should not be expected to aid an officer who ignored or disregarded the imperative provisions of the law to reap the fruit of its violation.

The appellee argues that the fees claimed are, according to the decisions of this Supreme Court, the property of the

client and not of the attorney, and that the former should not suffer the consequences of acts of his attorney in violation of the law. The argument is skillful but it is not convincing. Technically, the fees belong to the litigant, but in fact they are granted so that they may be paid to the attorney, or to reimburse the client for the fees he may have already paid.

The client, appellee in this case, is bound to know the law and it must be presumed that he knew it prohibited public officers and employees from practicing their professions during the time they are bound to serve the Government. In employing for his defense an attorney who is expressly forbidden by law to practice his profession, because he is a public officer, the appellee became a participant in a violation of the law and he cannot now invoke judicial aid for the consummation of an act which the law prohibits.

For the reasons stated the order appealed from is modified in the sense of eliminating from the memorandum of costs the item of attorney's fees, and thus modified it is affirmed.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.